[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 20, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10812
Non-Argument Calendar
_____

D. C. Docket No. 05-80130-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN VARGAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 20, 2006)**

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

In this appeal, we review Juan Vargas's sentence of 12 months of imprisonment followed by three years of supervised release. The district court imposed the sentence pursuant to Vargas's plea of guilty to one count of conspiracy to transport illegal aliens for financial gain and one count of transporting illegal aliens for financial gain. For the reasons that follow, we AFFIRM.

## I.  BACKGROUND

Vargas pleaded guilty to one count of conspiracy to transport illegal aliens for financial gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and (a)(1)(B)(i), and one count of transporting illegal aliens for financial gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (a)(1)(B)(i). R2 at 5-15. Each count carried a maximum possible sentence of ten years. See 8 U.S.C. § 1324(a)(1)(B)(i). Following the plea hearing, a presentence investigation report ("PSI") was prepared. The PSI stated, among other things, that in 1989 Vargas was charged with aggravated sexual assault of a child, and that adjudication of the charge was deferred. Later, an Addendum to the PSI described the charges as resulting in a felony conviction. The PSI also noted that Vargas had been charged in 1990 with indecency with a child, but that charge had been dismissed. Vargas had the opportunity to object to the PSI, but did not do so. R3 at 8.

2

Applying the United States Sentencing Guidelines, the district court calculated a criminal history category of I and an offense level of 11, resulting in an advisory sentencing range of eight to fourteen months. U.S.S.G. ch. 5, pt. A (Nov. 2005). At sentencing, the government requested a 12-month sentence based upon the nature of the offenses as well as Vargas's "prior criminal history." R3 at 2-3. Vargas requested a sentence at the low end of the Guideline range, noting that his role in the offense was minor, he would probably be deported to Mexico after serving his sentence, and he had been a legal resident of the United States since 1989. Id. at 4-5.

The court stated that it had considered the statements of the parties, the PSI, the advisory Guidelines, the factors set forth in 18 U.S.C. § 3553(a), and the plea agreement. Id. at 6. The court continued:

> Despite being a criminal history category [one], the defendant is not a first time offender. He has a prior conviction for aggravated assault on a minor, and although dismissed, there was also a prior arrest with respect to a child. I will impose a sentence within the advisory guidelines, but not at the bottom of the guidelines.

Id. at 6. The court then sentenced Vargas to concurrent terms of 12 months of imprisonment for each count, to be followed by three years of supervised release. Id.

## II. DISCUSSION

We review a sentence imposed by the district court for reasonableness. See United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005) (per curiam) (citing United States v. Booker, 543 U.S. 220, 260-61, 125 S. Ct. 738, 765 (2005)). "We do not apply the reasonableness standard to each individual decision made during the sentencing process"; rather, our review is limited to the reasonableness of the final sentence. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005) (per curiam) (citing United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005)). This reasonableness inquiry is guided by the factors set forth at 18 U.S.C. § 3553(a), including the applicable Guidelines range. See Winingear, 422 F.3d at 1246; Booker, 543 U.S. at 261, 125 S.Ct. at 766. After Booker, the district court is not bound by the Guidelines, but still must consider the properly-calculated Guidelines range in determining a reasonable sentence. See United States v. Scott, 426 F.3d 1324, 1330 (11th Cir. 2005).

In this case, the district court correctly calculated an advisory Guidelines range of eight to fourteen months, and Vargas does not challenge that determination. Rather, Vargas argues that his sentence of 12 months is unreasonable in light of the § 3553(a) factors, and he discusses specific factors that he believes warrant a sentence at the bottom of the Guidelines range. Unlike the

4

district court, we do not weigh the individual factors under § 3553(a), and we do not determine an appropriate sentence <u>de novo</u>. See <u>Talley</u>, 431 F.3d at 788. Our role is to ensure that the sentence imposed by the district court is within the range of reasonable sentences. See <u>id.</u> Because the district court properly considered the factors set forth in § 3553(a) and arrived at a reasonable sentence, Vargas's argument fails.

The sentence imposed by the district court was within the correctly-calculated Guidelines range, and was far lower than the aggregate statutory maximum sentence available to the district court, which was ten years of imprisonment as to each count. See 8 U.S.C. § 1324(a)(1)(B)(i). While the court did not individually discuss each of the § 3553(a) factors, we have held that nothing in <u>Booker</u> or elsewhere requires the district court to do so. See <u>Scott</u>, 426 F.3d at 1329. It is enough that the court acknowledge that it has considered the defendant's arguments and the § 3553(a) factors. <u>Talley</u>, 431 F.3d at 786. At Vargas's sentencing hearing, the court stated "I have considered the statements of all the parties, the presentence investigation report, . . . the factors set forth in 18 U.S. Code, Section 3553(a)(1) through (7), as well as . . . the plea agreement of the parties." R3 at 6. This statement is sufficient evidence that the court properly considered the parties' arguments and the sentencing factors. See <u>id.</u>

Vargas also argues that the court erred in characterizing his 1989 arrest as resulting in a "conviction," and in relying on the circumstances of his prior arrests in determining a sentence. The first addendum to the PSI characterizes the 1989 incident as a "prior felony conviction," and describes the underlying facts of that offense. Vargas was given the opportunity to object to the contents of the PSI, and failed to do so. It is the law of this circuit that failure to object to the factual allegations set forth in the PSI operates as an admission thereof. United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006). The existence of a prior conviction is a question of fact. See United States v. Gibson, 434 F.3d 1234, 1246 (11th Cir. 2006), cert. denied, __ U.S. __, 126 S. Ct. 2911 (2006) (discussing "the fact of [the defendant's] prior convictions"). Because Vargas did not object to the contents of the PSI, he effectively admitted to the conduct described in the PSI, and that the 1989 arrest resulted in a conviction. See Wade, 458 F.3d at 1277. Accordingly, the district court did not err by referring to Vargas's prior conviction.

Finally, Vargas contends that the court did not consider the possibility that he will be deported to Mexico as a result of his conviction in this case. The record shows that Vargas did ask for leniency on the ground that he could be deported as a result of his conviction, and the court stated that it considered the parties' arguments. As discussed above, the court's statement that it considered his

arguments is sufficient evidence that it in fact did so. See <u>Talley</u>, 431 F.3d at 786.

### III. CONCLUSION

Upon a thorough review of the record on appeal, and after consideration of the briefs of the parties on appeal, we find no reversible error. The district court correctly calculated Vargas's advisory Guideline range and considered the arguments presented by the parties and the factors in 18 U.S.C. § 3553(a). The court then sentenced him within the Guideline range to a total term substantially lower than the ten-year statutory maximum sentence available as to each count. Accordingly, Vargas's sentence was reasonable, and we affirm.

**AFFIRMED.**